STOULIG, Judge.
Relators, Gaffney, Incorporated, and Northern Assurance Company, seek to have this court exercise its supervisory jurisdiction by ordering reinstated their suspensive appeal from a judgment in favor of respondent, Robert Jasmin, for total and permanent compensation' benefits, which appeal relators voluntarily dismissed with prejudice.
A résumé of the pertinent proceedings involved in this writ reflects on February 18, 1975 relators perfected a suspensive appeal from the judgment awarding plaintiff workmen’s compensation benefits by posting a security bond of $49,329.90. In October of 1975, while the appeal was pending, counsel for the respective litigants agreed upon a settlement of $14,500. In order to have the record returned to the trial court for the purpose of obtaining the judicial approval of settlement required by R.S. 23:1272, counsel for relators-appellants did cause the appeal to be dismissed with prejudice on October 22, 1975, stating in the motion for dismissal “ * * * that the within matter has been settled and compromised * * The respondent-employee refused to accept the settlement negotiated by his attorney.
Further negotiations were entered into between counsel, and by mutual agreement in April 1976 the settlement was increased to $18,000. This proposal was tentatively submitted to the district judge, who indicated his approval conditioned upon its submission in a joint verified petition as required by R.S. 23:1272. Because of his confinement to the State Penitentiary, respondent could not personally appear before the district judge and it was necessary for his attorney to take the required documents to him for his signature. Again respondent refused to accept the settlement negotiated by his counsel, whom he later discharged and retained his present attorney.
In April 1977, respondent filed a rule to accelerate all of the payments due under the judgment, and a counter rule was filed by the relators, seeking to have the judgment reduced to $18,000, the sum mutually agreed upon by counsel and verbally approved by the district judge. Relators’ rule was dismissed by the district court. In its writ application, relators seek to have the $18,000 settlement recognized or, alternatively, to have this court reinstate their suspensive appeal.
Relators’ request that the judgment for total and permanent workmen’s compensation benefits be reduced to $18,000 (the figure agreed upon by counsel) must be denied because the compromise is not in writing as required by C.C. art. 3071, nor does it comply with the mandatory provisions of R.S. 23:1272[1] et seq., necessary to effect a valid compromise of workmen’s compensation benefits.
*283 However, we are of the opinion that the relators are entitled to have their sus-pensive appeal reinstated. Unquestionably respondent’s attorney was acting on behalf of his client, and both counsel negotiated in good faith a settlement which each deemed fair and equitable. The proposed settlement of $14,500, though not a compromise, was in effect an unenforceable agreement to compromise. In fulfillment of this agreement and acting under an error of fact, relators’ attorney, proceeding on the mistaken belief that the proposed settlement had been approved by the employee, did cause the dismissal of the suspensive appeal — the relinquishment of a substantial right. The motion for dismissal filed by the relators recites “ * * * that the within matter has been settled and compromised * * * >7
Obviously the relators proceeded under the error of fact that the contract or agreement to compromise was approved by the respondent and would be formalized into a valid compromise agreement under the existing compensation statutes and Civil Code article. This error in motive prompted the surrender of its substantial right to have the correctness of the trial court’s compensation judgment reviewed by the appellate court.
The court is of the opinion that under the provisions of C.C. art. 1825[2] the error in the cause of the contract (the agreement to have the appeal dismissed because of compromise of the compensation judgment) produced the legal effect of invalidating both the agreement and the action in pursuance thereof by the relators in dismissing their suspensive appeal. Therefore, the order dismissing the appeal is voidable.
For the reasons assigned, the order dismissing appellants’ appeal is recalled, vacated, and set aside and relators’ suspensive appeal is reinstated as of October 22, 1975 nunc pro tunc. The Honorable Gerald E. Fedoroff, Judge of Division “E” of the Civil District Court for the Parish of Orleans, is directed to transmit to this court the record in this proceeding.

ORDER OF DISMISSAL RECALLED, VACATED AND SET ASIDE; SUSPEN-SIVE APPEAL REINSTATED.

. Because the judgment sought to be compromised was not a final judgment, the provisions of R.S. 23:1274 are inapposite.

. “The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.” C.C. art. 1825.